UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In the Matter of the claim of NICOLE WELCOME,
as the mother and natural guardian of ZG,
an infant, and NICOLE WELCOME, individually.

                               **Plaintiff(s),**                        **COMPLAINT**

                                  **-against-**                           Index No:


**NEW YORK CITY DEPARTMENT OF EDUCATION,**     Jury Trial Demanded
**THE CITY OF NEW YORK, OCEAN HILL**
**COLLEGIATE CHARTER SCHOOL, UNCOMMON**
**SCHOOLS INC., PRINCIPAL HANNAH SOLOMON**

                                  **Defendant(s).**
------------------------------------------------------------------X

       Plaintiff(s), **NICOLE WELCOME** on behalf of **ZG**, a female infant, and **NICOLE WELCOME**, individually, by their attorneys, **FLORESTAL LAW FIRM, PLLC**, as and for their Complaint against the Defendants, respectfully allege on knowledge as to themselves and their actions, and on information and belief as to all other matters.

### INTRODUCTION

       Plaintiff NICOLE WELCOME, (hereinafter "Ms. Welcome, or collectively "Plaintiffs") individually, and on behalf of her daughter ZG, (hereinafter, collectively "Plaintiffs"), brings this action against OCEAN HILL COLLEGIATE CHARTER SCHOOL, (hereinafter, "Ocean Hill", or collectively "Defendants"), and UNCOMMON SCHOOLS, INC., (hereinafter, "Uncommon Schools", or collectively "Defendants"), and the CITY OF NEW YORK (hereinafter "the City" or collectively "Defendants"), and NEW YORK CITY DEPARTMENT OF EDUCATION (hereinafter "DOE", or collectively "Defendants"), and PRINCIPAL HANNAH SOLOMON, in

1

her official and individual capacities (hereinafter "Principal Solomon", or collectively "Defendants"), for their systemic failure to provide ZG with a violence free public education in which to learn and thrive in violation of her rights under federal and state laws including negligent performance of a governmental function, negligence – premises liability, negligent hire retention, negligent supervision, negligence per se, and gross negligence; deprivation of rights, privileges, immunities under color of law pursuant to 42 U.S.C. §1983; violation of 14th Amendment rights under the Equal Protection and Due Process Clauses of the United States Constitution; violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, *et seq.*; and violation of the New York State Dignity For All Students Act, (hereinafter "Dignity Act"). In committing these violations Defendants have acted in bad faith and/or exercised gross negligence, acted with deliberate and reckless indifference to the Plaintiffs' rights under the law.

## JURISDICTION AND VENUE

1- This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, as this matter is raised under Title IX of the Education Amendments Act of 1972, 20 U.S.C. §1681, *et seq.*, and 42 U.S.C. §1983, and the 14th Amendment to the United States Constitution.

2- This Court has pendent jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3- This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, and 18 U.S.C. § 1965, as the alleged unlawful acts occurred in Kings County of New York, and all the parties are present therein.

4- Plaintiff timely filed her Notice of Claim on November 18, 2016, and all other conditions precedent have been met.

## PARTIES

5- In conformity with Rule 5.2(a) of the Federal Rules of Civil Procedure, initials are used in this Complaint to preserve the identity of the 12 year old infant Plaintiff ZG.

6- Ms. Welcome is the mother and natural guardian of the infant ZG and they reside together in Brooklyn.

7- The City is a municipal corporation and political subdivision of the State of New York.

8- DOE is a public authority duly organized and existing under and by virtue of the laws of the State of New York and is an agency of the City.

9- Ocean Hill is a charter school duly organized and existing under and by virtue of the laws of the State of New York and is a direct recipient of federal and state funds.

10- Uncommon Schools is a New Jersey not-for-profit corporation and charter management organization that operates Ocean Hill by providing it with services including management, oversight, training, staffing, professional development, systems implementation, back office, facility services, curricula, and is a recipient of federal and state funds indirectly from fees for services paid to it by Ocean Hill.

11- Principal Solomon is the principal of Ocean Hill with decision making authority, including the ability to manage and discipline staff.

## FACTUAL ALLEGATIONS

12- As described in detail *infra*, ZG has suffered in-school harassment and violence, including 2 separate episodes of attempted rape and robbery by 4 male students in the vicinity of the stairwell, hallway and basement, all of which were caught on functioning security cameras.

13- All 4 male students were charged with various degrees of sexual crimes by the family law unit of the New York City Corporation Counsel's office, and all 4 have accepted pleas of guilty as opposed to going to trial.

14- Defendants are the owners, and/or managers, and/or operated and controlled the building located at 1137 Herkimer Street, Brooklyn, NY 11233.

15- On September 30, 2016, ZG was a 6th grade student at Ocean Hill.  Ocean Hill is charter school co-located with 2 public schools: Eagle Academy For Young Men II, (hereinafter "Eagle Academy") and Mott Hall, IV, (hereinafter, "Mott Hall") at 1137 Herkimer Street, Brooklyn, NY 11233.

16- Ocean Hill serves grades five, six, seven, eight, and special education; Eagle Academy serves grades six, seven eight, nine, ten, eleven, twelve, and special education; Mott Hall serves grades six, seven, eight, and special education.  The three schools combine have a student body made up of close to 1,100 students.

17- On that particular September day at approximately 6:00PM, ZG had just finished her activities from the after school program that she attends daily at Ocean Hill, signed out at the front entrance and was exiting the building.

18- Four young men accosted her and instructed her to go back into the building.  ZG was able to identify the young men from the uniforms that they wore as students from Mott Hall and Eagle Academy.

19- One of the young men took ZG by the arm, passed a guard, and forced her downstairs to the basement area where the after school program was conducted.  None of the guards instructed any of the students to sign back in, as is required, nor did anyone prevent the boys from taking her back downstairs.

20- The young men forced ZG to crouch down on the floor, one of them reached into the vicinity of his pants and pulled out his penis while standing over her. ZG quickly put her head down to avoid any oral penetration. One boy said to her: "if you keep playin', the longer you take, the longer you gonna be here."

21- ZG tried to go up the stairs to push the exit door open, but she realized that it was locked from the inside preventing her from getting out to get help. One of the boys grabbed her back down causing her to trip and fall onto the floor and to experience great pain and discomfort. While on the floor, one of the boys managed to roll ZG's body on top of his where her butt made contact with his penis. ZG attempted to get up, but was held down by the other boys.

22- While on the floor, one of the boys took out his penis and approached ZG's mouth with it. The boys took turns in fondling ZG, touching her in her private areas causing her pain and humiliation. ZG did the best that she could to protect herself by kicking her legs back and forth to keep the boys off balance.

23- The four boys ultimately gained the upper hand and held her down while one of them took out his penis and penetrated her butt. ZG felt great pain and humiliation.

24- The four boys managed to turn the front part of ZG's body towards them, while one of them took out his penis and made contact with her vagina. The boys eventually let her go and ran away when they heard voices approaching where they were. ZG was in shock and did not report this incident to the school, or her mother.

25- This incident occurred in plain sight of security cameras that should have alerted the school staff, had someone been monitoring the cameras.

26- Principal Solomon did not request a written narrative of this incident, nor did she conduct an investigation and interview of the students involved.

27- Principal Solomon did not notify Ms. Welcome, or the police of this incident, and did not take the infant ZG to the nurse, as was protocol.

28- ZG was very fearful and nervous of going back to school, she tried to avoid running into the four boys at all costs, and did not want to return to the after school program.

29- From that point on ZG seemed very anxious around the house, could not do her chores, nor could she concentrate on her school work, appeared depress all the time, her grades declined, and she did not want to return back to the school.

30- Unfortunately, on October 6, 2016, at approximately 5:00PM, while walking to the bus stop coming from the after school program, the same four boys accosted ZG again. They grabbed her sweater, shirt, metro-card, and money, and ran inside the school building.

31- ZG ran inside the building through the main entrance to find a security guard to assist her, but there were none at the front entrance. ZG had to go inside to fend for herself.

32- The boys went down to the basement where the afterschool program is held, and ZG ran after them to get her stuff back. One boy grabbed ZG and put his hand on her upper back in an attempt to force her upper body down and forward toward his penis, but she managed to force herself to straighten up.

33- Another boy approached her and repeatedly tried to pull her pants down. ZG repeatedly fought him off. One of the boys managed to ultimately pull ZG's pants down to her ankles and she managed to pull them back up and tried to go up the stairs, but was quickly overpowered and pulled back down.

34- The boys forcibly held ZG's arms, one of them put his crotch next to her forehead and his hand in the area of his penis, while another tried to pull her pants down. ZG tried to prevent them from penetrating her mouth by moving around a lot.

35- For approximately one half hour, ZG is left alone to fight off four boys ranging in age from 13 – 14 years old from penetrating her orally, vaginally, and anally, while all of this is being recorded on security cameras.

36- By sheer luck a janitor came downstairs where this was taking place and the boys ran off.

37- The janitor unlocked one of the exit doors from the inside to allow ZG to exit and meet him at the front entrance where the security guards were supposed to be stationed, and they ultimately took ZG to the dean's office.

38- The dean instructed ZG to write down in her own words what occurred. Afterwards, the dean called ZG's mother and simply told her that some students tried to take something from ZG after school, and she should come to pick her up.

39- On that evening Principal Solomon did not call the police, ambulance, nor did she instruct the dean to take ZG to the school nurse.

40- Ms. Welcome arrived at the school and took ZG home. At home, Ms. Welcome observed drastic changes in ZG's demeanor, as she was withdrawn, appeared to be in a state of shock, but did not talk about the incident(s).

41- The next day Ms. Welcome went to the school in the early morning to inquire about what happened. She requested to speak to Principal Solomon, but the principal refused to speak with her. The principal's assistant told Ms. Welcome Principal Solomon was busy. After waiting for more than one hour, someone from the principal's office instructed Ms. Welcome to go home, as they still did not have any information for her.

42- Within ten minutes of arriving home, the school called Ms. Welcome and instructed her to come back immediately. When she arrived they told her that they had something on the video with ZG that they were further investigating. They did not tell her what they saw on the video.

43- Soon thereafter, the school contacted the police and the ambulance, but Ms. Welcome was still in the dark as to what happened to her daughter. They ultimately told her that they observed some boys pulling down ZG's pants on the video on October 6, 2016, and they were further investigating. They did not mention the incident that occurred on September 30, 2016.

44- The ambulance took Plaintiffs to Woodhull Hospital emergency room, and then to Brooklyn Hospital. Police officers interviewed ZG soon thereafter.

45- The next day, Ms. Welcome took ZG back to school where she stayed for the entire school day. Sometime in the afternoon, Ms. Welcome received a call from Principal Solomon telling her not to bring ZG back to the school because the incident made the media.

46- When Ms. Welcome turned on the news they were talking about two (2) incidents involving her daughter, not just the October 6, 2016, incident. Ms. Welcome was livid because the school never informed her of the incident that occurred on September 30, 2016. Ms. Welcome received calls from various friends and associates who have children at the school expressing sympathy about her daughter's incident even before she knew about the second incident.

47- Ms. Welcome felt angry, embarrassed, humiliated, and demeaned as a mother that she had to learn from third parties, including the media, that her infant daughter was the subject of an attempted rape at her school by four boys, not once, but twice.

## AS AND FOR A FIRST CAUSE OF ACTION
(Negligent Supervision)

48- Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

49- Due to the custodial relationship between Defendants and the infant ZG, Defendants have a special duty to supervise, care for and/or monitor properly the infant ZG's behavior and safety at the aforesaid location and times.

50- Due to the custodial relationship between Defendants and the four infant boys, Defendants had a special duty to supervise, care for, and/or monitor properly the infant boys' behavior to protect ZG against foreseeable harm.

51- Defendants, by itself, and/or through its agents, servants and/or employees, breached this aforementioned special duty owed to ZG by not properly caring for, and/or monitoring properly ZG, and the infant boys.

52- Defendants and/or their agents, servants or employee's breach was the proximate cause of ZG's injuries without any fault of the infant's contributing thereto.

53- Accordingly, Defendants are liable to ZG herein for negligent supervision.

## AS AND FOR A SECOND CAUSE OF ACTION
(Negligent Performance of a Governmental Function)

54- Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

55- The Defendants were engaged in a governmental function at all times pertinent, and thus had a special duty to protect Plaintiff.

56- The injuries sustained by the infant ZG in this incident were a direct result of the Defendants' negligence in performing their governmental function, without any fault of the infant ZG's contributing thereto.

57- The Defendants had security cameras that videotaped the incidents and thus, were on notice, and failed to protect ZG from foreseeable harm.

58- Accordingly, the Defendants are liable to ZG herein for negligent performance of a governmental function.

## AS AND FOR A THIRD CAUSE OF ACTION
(Negligence – Premises Liability)

59- Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

60- Defendants had a duty to keep ZG safe from foreseeable harm on their premises.

61- Defendants' indoor locking mechanism, lack of a sufficient number of security cameras, lack of exit door alarm system, and unmonitored security cameras were a visible and apparent security defect that created, and/or contributed to the injury the infant sustained.

62- Defendants' negligence was the proximate cause of the infant's injury.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Negligent Hire, Retention, and Supervision of employees)

63- Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

64- Defendants had a special duty to hire, supervise, and retain qualified staff to properly care for and/or monitor and protect the infant ZG from foreseeable harm.

65- Defendants, breached this special duty by hiring, retaining, and neglecting to supervise the security personnel, the dean, and Principal Solomon who deviated from proper protocol which caused ZG to suffer permanent injury.

66- Principal Solomon in her official capacity has the authority to hire, fire, and/or discipline employees of Ocean Hill.

67- Defendants' negligence was the proximate cause of the infant ZG's injury without any fault of the infant ZG's contributing thereto.

## AS AND FOR A FIFTH CAUSE OF ACTION

(Violation of 42 U.S.C. §1983/*Monnell*)

68- Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

69- At all times pertinent Principal Solomon in her individual capacity was acting under color of state law.

70- Defendants promoted and enabled policies and procedures permitting the types of violations of protocol committed by their employees, exhibiting a reckless and deliberate indifference to ZG's rights being violated.

71- In addition to enabling these improper policies and procedures Defendants have failed to maintain a proper system for preventing and investigating incidents of sexual harassment and abuse on school grounds.

72- Upon information and belief, specific systemic flaws include, but are not limited to the following: a – no staff and/or aides assigned to monitor the general security within the school building; b – public access to the front door not consistently monitored; c – security cameras not consistently monitored; d – insufficient number of security cameras installed; and e – doors locked from inside and do not contain an exit alarm.

73- As a direct and proximate result of the aforesaid acts, omissions, and systemic failures, Defendants' policies and customs have caused the infant ZG injury in violation of her rights under the law.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of 42 U.S.C. §1983 14th Amendment – Due Process)

74- Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

75- Under N.Y. EDUC. L. §3202, the State of New York confers an entitlement upon the infant ZG to receive a free public education, and also, the infant ZG has the right to bodily integrity.

76- Such right is a property and/or liberty interest, within the meaning of the 14th Amendment of the United States Constitution.

77- Defendants have deprived ZG of her protected property and/or liberty interests, without due process of law.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of 42 U.S.C. §1983 14th Amendment – Equal Protection)

78- Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

79- Defendants denied ZG equal protection of the laws in violation of the Fourteenth Amendment of the United States Constitution by failing to protect her and denying her educational opportunities due to her sex.

## AS AND FOR A EIGHTH CAUSE OF ACTION
(Violation of Dignity Act)

80- Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

81- Defendants have denied ZG a free public education in violation of the Dignity Act by failing to identify and protect her from in school harassment and violence because of her sex.

82- Defendants have acted in bad faith and/or exercised gross misjudgment and have acted with deliberate indifference to ZG's rights under the law by violating the Dignity Act.

## AS AND FOR AN NINTH CAUSE OF ACTION

(Negligence Per Se)

83- Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

84- Defendants' violation of the specific duties imposed under the Dignity Act constitutes negligence per se under the law.

## AS AND FOR A TENTH CAUSE OF ACTION

(Violation of Title IX of the Education Amendments of 1972)

85- Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

86- Defendants failed to protect ZG from foreseeable sexual violence and a hostile educational environment because of her sex in violation of Title IX of the Education Amendments of 1972.

87- At all times pertinent Principal Solomon in her individual capacity was acting under color of state law and is thus, personally liable under **42 U.S.C. §1983**.

88- Defendants have acted with deliberate indifference and/or exercised gross misjudgment to ZG's rights under the law by violating this statute.

## AS AND FOR A ELEVENTH CAUSE OF ACTION

(Negligent Infliction of Emotional Distress)

89- Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

90- Defendants owed a duty to ZG to protect her from foreseeable harm and to Ms. Welcome as a parent to follow proper protocol and keep her informed of tragic incidents involving her daughter.

91- Defendants breached this duty by deviating from standard protocol that would have prevented ZG from suffering injury, and/or would have kept Ms. Welcome informed of the incident.

92- The fact that this incident was allowed to happen not once, but twice under the watchful eyes of security cameras that were designed to prevent such heinous acts shocks the conscience and is intolerable in a civilized community.

93- Defendants caused Plaintiffs extreme stress, anxiety, humiliation, mental trauma, depression, insomnia, and loss of career opportunities.

94- Defendants' conduct was outrageous and committed with malice, or with reckless disregard of Plaintiffs' rights.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Gross Negligence)

95- Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

96- Defendants conduct in failing to protect ZG from foreseeable harm was done with deliberate indifference and reckless disregard and constitutes gross negligence under the law.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Loss of Consortium)

97- Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

98- Ms. Welcome has been deprived of ZG's services, comfort, and companionship as a direct result of the injuries she sustained in these incidents.

99- The injuries sustained by the Plaintiffs in these incidents were a direct result of the Defendants' aforesaid negligence, without any fault of the Plaintiffs' contributing thereto.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against the Defendants as follows:

a) Awarding actual, compensatory and emotional damages to Plaintiffs for the injuries they sustained in the amount of Two Million Seven Hundred and Fifty Thousand Dollars ($2,750,000.00), plus interest;

b) Awarding punitive and exemplary damages to Plaintiffs, where applicable, in the amount of Two Million Seven Hundred and Fifty Thousand Dollars ($2,750,000.00);

c) Awarding litigation costs and disbursements to Plaintiffs, including but not limited to, reasonable attorney's fees in this action; and

d) Such other and further relief as this Court may deem just and proper.

Dated: September 13, 2017
New York, NY

                                        FLORESTAL LAW FIRM, PLLC
                                        Attorneys for Plaintiff

                                        By: s/Marcel Florestal
                                           Marcel Florestal, Esq.
                                           48 Wall Street, Suite 11
                                           New York, NY 10005
                                           Tel: (212) 918-4416
                                           Fax: (646) 417-7777
                                           marcel@florestallaw.com